Labauve, J.
This suit is brought by plaintiff, as under-tutor to the minor Robert McCullough, against the succession of John McCullough, represented by Hamilton McCullough, as administrator, and who is also tutor to the said minor, to recover the sum of $8,987 80, with interest from March 11th, 1860, and with a mortgage on the property of said succession.
The petition alleges in substance that John McCullough died in August, 1859, leaving two minor heirs; Hamilton McCullough, issue of his marriage with Louisa Jones; and Robert McCullough, issue of his marriage with Orleans Harris. That Hamilton McCullough, a brother of the deceased, was duly appointed as tutor to said minor, Robert, and as administrator to the said estate. That the said minor inherited from his mother, Orleans Harris, the sum of $8,987 80, which sum was duly paid by his grandmother, Mrs. Caroline Truman, to the said Hamilton McCullough, tutor and administrator as aforesaid, who appropriated the same towards paying a portion of the debts of the estate of said John McCullough, due Washington Jackson & Co. That the said sum was the paraphernal property of the minor’s deceased mother, and secured by a tacit mortgage on all the property belonging to said estate.
The petition concludes by praying accordingly.
Hamilton McCullough, in his capacities of tutor and administrator as aforesaid, answered that he admitted that he had received the said sum, on the 12th March, 1860, and appropriated the same to the payment of so much of the indebtedness of said John McCullough to Washington *175 Jackson & Co., of New Orleans; that said amount was the same coming to the mother of said minor, Robert, from the estate of her father, William Harris, and was by Mrs. Caroline Truman (the mother of the mother of said minor, Robert,) deposited with Britton &Co., bankers, of Natchez. That said sum was the paraphernal property of said minor’s mother, and should have been invested by respondent for said minor.
He prays that he may be relieved from all blame, on account of his not having legally invested said sum, and that he may be hence dismissed, with costs.
The Court below, after hearing the evidence, gave judgment against the estate, for the amount claimed, with a mortgage on all the property of said succession.
Mrs. Martha Brannin, alleging herself to be a creditor of said estate, as natural tutrix of her minor children, applied for and obtained an appeal, on averring that said judgment was erroneous.
George W. Koontz, testified that he was acquainted with Joseph Cordill and H. McCullough, and also with the late John McCullough; he thought the late John McCullough did marry Orleans Harris, daughter of William and Caroline Harris. That on the 10th March, 1860, he gave H. McCullough the check of W. A. Britton & Co., on the Canal Bank of New Orleans, for $8,987 80, in favor of W. Jackson & Co., the same being for a like sum which stood to the credit of John McCullough, which was placed to his credit, by McCullough, Harris and Harris, supposed by him to be the share of McCullough’s heirs, out of $15,228, paid by George Balsón to McCullough, to Harris and Harris; that the $8,987 80, was for $9000, less $12 20. That the money ($15,228) was paid to McCullough, Harris and Harris, out of which they paid or transferred $8,987 80, to John McCullough on the 6th March, 1860; and on the 10th March, 1860, the same was paid, as above stated, to Hamilton McCullough, administrator, in the check of W. A. Britton & Co., on the Canal Bank. This witness was a member of the banking firm of said W. A. Britton & Co.
An account rendered by said administrator, Hamilton McCullough, and duly homologated and introduced in evidence, shows that said administrator did receive in his said capacity as coming from Mrs. C. Truman, said sum of $8,987 80, and paid the same to W. Jackson &Co., as creditors of said estate.
The appellant’s counsel contend in their brief that the plaintiff has no right to bring this suit as under-tutor; no such exception was made below; and the appellant who is considered as an intervenor, has no right to make it, and she must take the ease as she finds it. 3 L. 182;. 8 R. 128; 3 A. 222; C. P. Arts. 392, 393; 19 L. 154.
The record, very far from showing that the sum herein claimed had been received by the deceased husband, or disposed of for his individual interest, informs us that the same was actually received by the adminis-. trator of his succession about seven months after his death; therefore, there can be no tacit mortgage in favor of his wife or his heir. C. C. Art. 2367. Nor does the record show that the said debt was due during the life of the deceased, and had come under his administration as tutor to his said minor child; consequently there is no mortgage in favor of said minor as claimed. C. C. Art. 3281. But, as we have seen, this *176 amount having been received by the administrator, and used in paying debts of the estate, must be reimbursed by said succession, as a charge against the same, and not as a debt due by the deceased. 18 An. 721.
It is therefore ordered and decreed that the judgment appealed from, be annulled and avoided. It is further oi dared and decreed that the administrator of the estate of John McCullough pay to the representative of the minor, Robert McCullough, in due course of administration and according to law, the said sum of eight thousand nine hundred and eighty-seven dollars and eighty cents, with legal interest thereon, from the 12th of March, I860, till paid, as a charge of the estate proper and not of the deceased, according to the rule laid down in the case of Succession óf P. jO. Lauve, and the authorities therein quoted. 18 An. 721.
It is finally decreed that the said estate pay the costs below, and the minor those of this appeal.